UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:05-cr-60072-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CASEY DALE MAYER, | |
| Defendant. | |

AIKEN, Chief Judge:

    Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was sentenced to a mandatory-minimum prison term of fifteen years under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e)(1). The mandatory minimum applies if a defendant has three prior

1   - OPINION AND ORDER

convictions for "a violent felony or a serious drug offense, or both." Id. The court found that defendant's prior drug and burglary convictions qualified as violent felony and serious drug offenses. Defendant's conviction and sentence were affirmed on appeal. United States v. Mayer, 560 F.3d 948 (9th Cir. 2009). Defendant has never filed a motion under 28 U.S.C. § 2255 to vacate, modify or correct his sentence.

Defendant now moves for Writ of Coram Nobis, arguing that he is "actually innocent" of a 2004 Oregon conviction for unlawful manufacture and delivery of marijuana that served as a predicate offense for the ACCA enhancement. Defendant's motion is denied.

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character. The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. Untied States, 287 F.3d 758, 760 (9th Cir. 2002) (citing United States v. Morgan, 346 U.S. 502, 506-07, 511-12 (1954)). To obtain *coram nobis* relief, defendant must establish that:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character.

Id. "Because these requirements are conjunctive, failure to meet any one of them is fatal." Id. Defendant fails to establish these requirements.

2     - OPINION AND ORDER

Notably, defendant did not challenge his 2004 drug conviction on grounds of "actual innocence" during the sentencing or appeal phases of these federal proceedings, and defendant fails to explain why he could not have done so.[1] Further, defendant did not file a § 2255 motion challenging his sentence on grounds that he was actually innocent of the 2004 conviction. Thus, absent some evidence that defendant could not have known of the alleged invalidity of his 2004 conviction before bringing this motion, I find that defendant fails to set forth "valid reasons" for not raising a previous challenge to his 2004 conviction in this court.

Moreover, assuming the accuracy of defendant's assertions, the Oregon courts have denied his repeated efforts to invalidate his 2004 conviction. And, as explained in the government's response, defendant fails to provide a legal or factual basis to allow this court to invalidate his 2004 conviction. Govt. Opp'n at 11-15. In fact, evidence supplied by defendant indicates that he acknowledged to authorities that "he was using [] marijuana to manufacture hashish" with respect to his 2004 conviction. Def.'s Reply Ex. C at 3-4. Thus, I find no "fundamental error."

In sum, given the untimeliness of defendant's motion and the lack of evidence to support his claim, the motion is denied.

---

[1] Instead, defendant argued that "his two prior Oregon convictions for unlawful manufacture and delivery of marijuana were not 'serious drug offenses' under the ACCA." Mayer, 560 F.3d at 963.

3    - OPINION AND ORDER

CONCLUSION

For the foregoing reasons, defendant's Motion for Writ of Coram Nobis (doc. 58) and Motion to Strike (doc. 64) are DENIED. IT IS SO ORDERED.

Dated this 1st day of November, 2012.

_Ann Aiken_
Ann Aiken
United States District Judge

4    - OPINION AND ORDER