UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:05-cr-60072-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CASEY DALE MAYER, | |
| Defendant. | |

AIKEN, Chief Judge:

Defendant moves to modify, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

BACKGROUND

On June 30, 2006, defendant entered a conditional plea of guilty to being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1). In July 2007, I sentenced defendant to a mandatory minimum sentence of fifteen years under the Armed Career Criminal

1   - OPINION AND ORDER

Act (ACCA). 18 U.S.C. § 924(e)(1). Defendant's conviction and sentence were affirmed on appeal. <u>United States v. Mayer</u>, 560 F.3d 948 (9th Cir. 2009). Defendant now moves to correct his sentence pursuant to 28 U.S.C. § 2255.

DISCUSSION

Defendant argues that the Supreme Court's reasoning in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013) disqualifies his Oregon first-degree burglary conviction as a predicate ACCA offense, and, therefore, his sentence should be vacated.

The ACCA requires a court to impose a mandatory minimum sentence of fifteen years if a defendant has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A violent felony includes "burglary, arson, or extortion" or a crime that "involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." <u>Id.</u> § 924(e)(2)(B)(ii).

To determine whether a past conviction qualifies as an ACCA predicate offense, "courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." <u>Descamps</u>, 133 S. Ct. at 2281. Thus, to qualify as "burglary" under the ACCA, a prior conviction must include the elements of "generic burglary"; i.e., the "unlawful or unprivileged entry into, or remaining in, a building or structure,

2    - OPINION AND ORDER

with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990).[1]

In Descamps, the Supreme Court held that the Ninth Circuit erred by employing the so-called "modified categorical approach" to determine whether California's burglary statute - with "a single 'indivisible' set of elements" - constituted generic burglary for purposes of the ACCA. Descamps, 133 S. Ct. at 2283. The Court made clear that the modified categorical approach is permitted only when a statute is divisible and has alternative elements that correspond to elements of a generic ACCA offense. Id. at 2285 ("[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.").

Where the statute of conviction is divisible, a court may use the modified categorical approach and look to a restricted set of documents to determine which version or phrase of the statute provided the basis for conviction. Id. at 2285 ("If at least one, but not all of those [alternative elements] matches the generic version, a court needs a way to find out which the defendant was convicted of."); see also Johnson v. United States, 559 U.S. 133, 144 (2010) ("[T]he 'modified categorical approach' that we have approved permits a court to determine which statutory phrase was

---

[1] The Ninth Circuit has explained that "in Taylor, the Supreme Court made clear that the generic term 'building or structure' was limited to structures designed for occupancy and intended for use in one place." Mayer, 560 F.3d at 959.

3    - OPINION AND ORDER

the basis for the conviction by consulting the trial record.") (citation omitted). The Court emphasized that the modified categorical approach does not permit a court to review the facts of conviction under an indivisible statute to determine whether it qualifies as a ACCA predicate offense. Descamps, 133. S. Ct. at 2286-87 ("That approach . . . turns an elements-based inquiry into an evidence-based one.").

I do not find Descamps applicable to this case. It is undisputed that defendant had a prior conviction for first-degree burglary of a dwelling in Oregon. Doc. 41-2. Granted, Oregon's first-degree burglary statute does not constitute the ACCA offense of "generic burglary" under the categorical approach, because it does not limit burglary to the entry of buildings or structures used for occupancy. See Mayer, 560 F.3d at 959 (Oregon's first-degree burglary statute "does not categorically satisfy the generic definition of burglary"). However, I did not find that defendant's burglary conviction constituted "generic burglary" under either the categorical or modified categorical approach. Rather, I found the conviction to be a predicate offense under the ACCA's residual clause, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

The Ninth Circuit affirmed defendant's sentence, holding that Oregon's first-degree burglary statute "categorically" qualifies as

4   - OPINION AND ORDER

a predicate offense under the residual clause. Mayer, 560 F.3d at 962 ("For these reasons, the district court did not err by determining that first-degree burglary under Oregon Revised Statutes section 164.225 is categorically a 'violent felony' under the ACCA's residual clause."). In so ruling, the Ninth Circuit noted that the statutory elements of the crime require unlawfully entering or remaining in either 1) a dwelling, or 2) any building while carrying a burglary tool or weapon or attempting physical harm. Id. at 961-63; Or. Rev. Stat. § 164.225.

Notably, the Ninth Circuit did not look to the underlying facts of defendant's burglary conviction - found problematic in Descamps - but rather looked only to the elements of the offense. See Descamps, 133 S. Ct. at 2286-87; Mayer, 560 F.3d at 962-63; see also James v. United States, 550 U.S. 192, 208 (2007) (to determine a predicate offense under the residual clause, "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another"). According to the Ninth Circuit, "'in the ordinary case,' a violation of Oregon Revised Statutes section 164.225 will involve conduct that presents a serious potential risk of physical injury to another, in a manner similar to generic burglary." Id. at 963 (quoting James, 550 U.S. at 208).

Importantly, the ACCA's residual clause was not at issue in Descamps, and the Court "express[ed] no view on that argument's

5   - OPINION AND ORDER

merits." 133 S. Ct. at 2293 n. 6 (stating that the government had "forfeited an alternative argument" that the California burglary statute "qualifies as a predicate offense under ACCA's 'residual clause'"). As a result, <u>Descamps</u> is not applicable to defendant's sentence.

## CONCLUSION

For the foregoing reasons, defendant's Motion pursuant to 28 U.S.C. § 2255 (doc. 79) is DENIED.

IT IS SO ORDERED.

Dated this  15  day of May, 2014.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

6    - OPINION AND ORDER