IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CASEY DALE MAYER,

Defendant.

Case No. 6:05-cr-60072-AA
6:16-cv-01726-AA
**OPINION AND ORDER**

AIKEN, District Judge:

The Ninth Circuit has remanded this matter for the limited purpose of this Court granting or denying a certificate of appealability regarding this Court's order (doc. 141) finding that defendant's *pro se* motion to vacate or correct sentence under 28 U.S.C. § 2255 (doc. 135) was moot. For the reasons set forth herein, a certificate of appealability is granted.

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the

movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Briciu*, 2016 WL 4745170, at *2 (D. Idaho Sept. 12, 2016), *reconsideration denied*, 2017 WL 3666293 (D. Idaho Aug. 23, 2017). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*

Here, the Court did not reach the merits of defendant's § 2255 motion. The Court found the motion moot following a hearing on defendant's motion brought under § 2255 (doc. 135) as well as his motion for early termination of supervised release (doc. 139). In his § 2255 motion, defendant challenged the Court's Second Amended Judgment (doc 129) on the basis that he was resentenced *in absentia* when he had not waived his right to appear in person at a sentencing hearing. The Government agreed that defendant had a clear right to appear at a resentencing hearing and represented that his motion should be granted to satisfy that right. Subsequently, counsel appeared on defendant's behalf and filed a motion for termination of supervised release (doc. 139) In that motion, defendant contended that the "[g]ranting of this motion would moot Defendant's *pro se* 2255 motion." Def. Mot. for Termination of Supervised Release at 3. The Court heard argument on both motions and engaged with the defendant regarding the early termination of his term of supervised release. The Court was satisfied that the discharge of defendant's remaining term of supervised release was "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e).

The Court then denied plaintiff's § 2255 motion as moot, because once the plaintiff's supervised release was terminated the Court believed that there was no substantial relief it could

provide by granting the motion and resentencing defendant. Neither defendant nor his counsel objected to this approach on the record at the hearing.

The general rules applying to habeas corpus are applicable to § 2255 proceedings. *Matysek v. United States*, 339 F.2d 389, 394 (9th Cir. 1964) (internal citations omitted). A habeas petitioner must be in custody for the conviction or sentence under attack at the time the petition is filed.[1] *See Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Terms of probation, parole, or supervised release satisfy the "in custody" requirement in habeas actions because they impose significant restrictions on a defendant's freedom. *United States v. Briciu*, 2016 WL 4745170 at *2 (internal citations omitted).

The Supreme Court has held that a defendant's habeas corpus petition is not moot simply because a petitioner has been completely released before the petition was finally adjudicated. *See Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968). However, the present case differs greatly from the facts considered in *Carafas*. In that case, the Court focused on the consequences of the petitioner's conviction, namely that he could not vote, engage in certain business, or serve as juror. *Id.* at 237. Because of these burdens, the Court reasoned that the petitioner still had substantial stake in the judgement of conviction which survived the satisfaction of the sentence imposed on him. *Id.* Here, by contrast, defendant's motion was not challenging his underlying conviction, rather the relief he sought was an opportunity to appear at a resentencing hearing and allocute on

---

[1] 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

his own behalf, presumably in hopes of receiving a shorter in-custody sentence as well as a lesser term of supervised release. Def's Mot. to Vacate at 6.

The Court believes that after granting the motion for termination of supervised release, there was effectively no further relief that it could provide under § 2255 by resentencing defendant when he had already served well beyond any term the Court could impose. However, the Court recognizes that defendant's § 2255 motion clearly stated a valid claim of the denial of a constitutional right. Through an administrative error, defendant did not appear at a resentencing hearing, and the record is bereft of any waiver of his right to appear at such a hearing. Defendant was under supervision and thus still in custody at the time his motion was filed. Further, the Court holds that reasonable jurists could find it debatable whether this Court's finding that the motion was moot was the correct procedural ruling. The Court therefore grants defendant a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, defendant is granted a certificate of appealability on the question of whether his motion brought pursuant § 2255 was mooted by the Court granting his motion for termination of supervised release.

IT IS SO ORDERED.

Dated this 13th day of February 2019.

Ann Aiken
United States District Judge