IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:05-cr-60072-AA |
| Plaintiff, | **OPINION AND ORDER** |
| CASEY DALE MAYER, | |
| Defendant. | |

AIKEN, District Judge:

Defendant, Casey Dale Mayer, has petitioned this Court for a certificate of innocence pursuant to 28 U.S.C. § 2513(a) as it relates to his previous conviction under 18 U.S.C. § 922(g). Doc. 151. For the reasons set forth below plaintiff's petition in DENIED.

## BACKGROUND

In December 2004, defendant was charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) by grand jury indictment.[1] Such a conviction

---

[1] The background of this case has been covered more extensively in previous opinions by the Court. *See* Docs. 65, 97, 126, and 147.

carried a maximum sentence of ten years. Previously, defendant had a conviction for one count of burglary and two convictions for manufacture or delivery of a controlled substance. These convictions potentially qualified defendant for the Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e), which carried a minimum sentence of fifteen years.

On June 30, 2006, defendant entered a conditional guilty plea to one count of felon in possession of a firearm in violation of § 922(g)(1). In his original judgment, the Court found that defendant's three prior felony offenses qualified as predicate offenses to trigger the ACCA sentencing enhancement, and defendant was ultimately sentenced to 180 months in custody.

In 2015, Defendant motioned to vacate or correct his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (residual clause of the ACCA is void for vagueness and violates due process). On February 5, 2016, this Court found that defendant previous offenses did not trigger the application of the ACCA, and, accordingly, he was not subject to the fifteen-year mandatory minimum. Defendant's original judgment was then vacated, and a new judgment was entered that imposed a ten-year sentence. Defendant was immediately released from custody as he had already served more than ten years.

In February 2018, Defendant commenced a civil suit against the United States for violation of his Fifth Amendment right to due process and the Eight Amendment's prohibition against cruel and unusual punishment and for negligence under the Federal Tort Claims Act. *See Mayer v. United States*, No. 6:18-cv-00230-MK (D. Or.

Feb. 2, 2018). This suit was ultimately dismissed. *Mayer v. United States*, 2019 WL 5655007 (D. Or. Oct. 16, 2019), *adopted*, 2019 WL 5654301 (D. Or. Oct. 31, 2019)

On November 18, 2019, defendant, *pro se*, submitted the present petition for a certificate of innocence under 28 U.S.C. § 2513(a).

## STANDARD OF REVIEW

A person brings a petition for a certificate of innocence under 28 U.S.C. § 2513(a) in order to initiate a 28 U.S.C. § 1495 claim in the Federal Court of Claims to sue the government for damages for unjust conviction and imprisonment.[2] In order to receive a certificate of innocence, a petitioner "must allege and prove:"

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

---

[2] A certificate of innocence is essentially a civil action and is usually brought via the commencement of a civil case, not a criminal one. *See Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993) ("A certificate of innocence serves no purpose other than to permit its bearer to sue the government for damages—a quintessentially civil action."); *see also United States v. Grubbs*, 773 F.3d 726, 728 n.1 (6th Cir. 2014) ("Courts examining 28 U.S.C. § 2513 have agreed that requests for a certificate of innocence are in essence civil proceedings, where the individual seeking the certificate is in the position of the plaintiff.")
However, other district courts within this circuit have allowed certificate of innocence petitions to go forward without starting new case files. *See United States v. Garrett*, No. 95CR1149-H, 2017 U.S. Dist. LEXIS 42602, at n.2 (S.D. Cal. Mar. 23, 2017). As such, the Court will review this motion.

§ 2513(a).

The legislative history and purpose of § 2513 is summarized thusly:

The purpose of these statutes is to partially right an irreparable wrong done to a United States citizen who was wrongfully imprisoned through financial compensation. *McLean v. United States*, 73 F. Supp. 775, 778 (D.C.S.C. 1947). However, the legislative history indicates that Congress did not intend to indemnify every imprisoned person whose conviction had been set aside. *United States v. Keegan*, 71 F. Supp. 623, 635 (D.C.N.Y. 1947). Former United States Attorney General Cummings, in a letter embodied in the Report of the Senate Judiciary Committee [Report No. 202, 75th Congress, 1st Session] elaborated on the purpose and intent of the Unjust Conviction Act:

> Ideal justice would seem to require that in the rare and unusual instances in which a person has served the whole or part of a term of imprisonment, is later found to be entirely innocent of the crime of which he was convicted, should receive some redress. On the other hand, reversals in criminal cases are more frequently had on the ground of insufficiency of proof or on the question as to whether the facts charged and proven constituted an offense under some statute. Consequently, it would be necessary to separate from the group of persons whose convictions have been reversed, those few who are in fact innocent of any offense whatever.

*Burgess v. United States*, 20 Cl. Ct. 701, 704 (1990).

In essence, § 2513 and § 1495 "compensate only persons who are actually innocent—whether because they did not do what the indictment charged or because what they did is not a crime." *Pulungan v. United States*, 722 F.3d 983, 985 (7th Cir. 2013).

## DISCUSSION

Defendant has failed to meet the three criteria in order to be eligible for a certificate of innocence.

Under the first prong, defendant must prove that "his conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted." § 2513(a)(1).

Defendant asserts that it was his conviction under § 924(e) of the ACCA that was reversed. Doc. 151 at 1. This assertion is flawed as defendant was convicted under § 922(g)—that he is was guilty of being a felon in possession of a firearm—and § 924(e) is only a sentencing enhancement, not an individual crime of conviction. Defendant's sentencing enhancement was dismissed when the Court resentenced defendant pursuant to *Johnson*, but his crime of conviction was not reversed on any grounds.

Additionally, other circuits have decided that an incorrect sentence enhancement under the ACCA is not grounds for a certificate of innocence when the underlying conviction still stands. *See Key v. United States*, 2017 WL 4412891 (S.D. W. Va. Aug. 15, 2017), *adopted*, *Key v. United States*, 2017 WL 4399553 (S.D. W. Va. Sept, 29, 2017), *aff'd Key v. United States* 712 F. App'x 274 (4th Cir. 2018) (denying a petition for a certificate of innocence for a defendant whose ACCA sentence enhancement was vacated, but the underlying conviction still stood).

Accordingly, the Count finds that defendant has failed to satisfy the first prong of this analysis.

Under part one of the second prong, Defendant must prove that "he did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State." §

2513(a)(2). Here, "the district court must consider whether the petitioner is truly innocent—that is, whether he committed the acts charged and, if so, whether those acts constituted a criminal offense." *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993); 28 U.S.C. § 2513(a)(2). "A petitioner does not meet this standard if his conduct, 'in connection with' the federal charge, 'constitute[s] an offense other than the one for which he was tried and convicted.'" *United States v. Grubb*s, 773 F.3d 726, 732 (6th Cir. 2014) (citing *Betts*, 10 F.3d at 1284).

Irrespective of the fact that defendant's conviction was not set aside or reversed, defendant fails to show that he was innocent of being a felon in possession of a firearm under § 922(g)(1) because he pled guilty to that charge. In his plea, defendant conceded the following: "On or about December 28, 2004, in the District of Oregon, having been convicted of crimes punishable by imprisonment for a term exceeding one year, I knowingly possessed a Hi-Point firearm, model JHP .45 ACP caliber pistol, which had previously been transported in interstate commerce." Doc. 33 at 8.

Further, stipulations in criminal trials are binding on the defendant. *United States v. Zepeda*, 738 F.3d 201, 207(9th Cir. 2013); *United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010). This includes when the defendant is petitioning for a certificate of innocence. *See United States v. Hensley*, 2014 U.S. Dist. LEXIS 10217, at *3-4 (D. Mont. Jan. 24, 2014)

Even if the Court were to accept defendant's argument that he was "convicted" under § 924(e) and that this "conviction" under that statute was set aside, defendant

was still guilty of the crimes that caused him to be a felon—namely previous burglary and drug offenses and he does not dispute that he possessed a firearm as alleged in this case. Certificates of innocence will not be granted where a defendant violated state or federal law and these violations were connected to the federal charge that was overturned. *Id.* Defendant remains guilty of being a felon in possession of a firearm under § 922(g).

The last prong that defendant would need to satisfy is that "he did not by misconduct or neglect cause or bring about his own prosecution." § 2513(a)(2).

> As the Seventh Circuit observed . . . : 'the statute expressly requires a causal connection between petitioner's conduct and his prosecution; it does not preclude relief simply because the petitioner engaged in misconduct or neglect, period.' A defendant's action constitutes neglect or misconduct where he: 'has it within his means to avoid prosecution but elects not to do so, instead acting in such a way as to ensure it. In that sense, he is responsible for his own prosecution and deserves no compensation for his incarceration.'

*Finley v. United States*, 2008 WL 2561594 at *11 (E.D. Cal. June 28, 2008) (quoting *Betts* , 10 F.3d at 1285).

With this understanding of the second prong of § 2513(a)(2), defendant is directly responsible for his conviction due to his misconduct of possessing a firearm as a felon. Defendant was aware that his was a felon and aware that he did not have a right to possess a firearm. As such, defendant is unable to prove that he did not bring about his own prosecution.

/ / /

/ / /

/ / /

## CONCLUSION

For the reason set forth above, defendant's petition (Doc. 151) is DENIED.

IT IS SO ORDERED.

Dated this  11th  day of June, 2020.

/s/Ann Aiken
Ann Aiken
United States District Judge